# 1043-15

IDENTITY OF PARTIES AND COUNSEL          ORIGINAL

APPELLANT: ATHELSTON HAYLES

Trial Counsel: O.W. Loyd
231 South College Ave.
Tyler, TX 75702

FILED IN
COURT OF CRIMINAL APPEALS
OCT 02 2015
Abel Acosta, Clerk

Attorney for the State: Mr. Michael West
Smith County ADA
100 N. Broadway
Tyler, TX 75702

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 02 2015
Abel Acosta, Clerk

Appellate Counsel: Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Court of Appeal: TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
No 12-14-00172-CR

Justice: Greg Neeley

Panel consisted of: Worthen, C.J, Hoyle, J and Neeley, J

Trial: Seventh District Court of Smith County, Texas
Trial Cause No 007-1539-07

I

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........... I

TABLE OF CONTENTS ........... II

INDEX OF AUTHORITIES ........... III..IV

STATEMENT OF THE CASE ........... 3

ARGUMENTS ........... 3

   I. Mr Hayles received ineffective assistance of counsel where councel failed to seek recusal of the trial judge who refused to consider the full range of punishment ..... 3,4

   II Mr Hayles received ineffective assistance of counsel where counsel failed to adhere to the trial Judges prior instructions of no plea deal and to subpoena the witnesses for a contested hearing . 5,4,3 6789

   III I Mr. Hayles believes that my Constitutional Rights along with Due Process was clearly ignored. Done so by all of the authorities of my trial. The Judges, The States attorneys(ADA) and Trial counsels ........... 3..10..11

   Oral Arguement ........... IV
   Prayer ........... 12

# INDEX OF AUTHORITIES

Strickland v Washington
    466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) . . 4

Gagnon v. Scarpelli
    411 US 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973) . . 7

Brumit v State
    206 S.W. 3d 639 (Tex. Crim. App 2006) . . 7

Ex parte Brown
    158 S.W 3d 449 (Tex Crim App 2005) . . 7

Kemp v State
    846 S.W. 2d 289 (Tex. Crim. App 1992) . 8

Salinas v. State
    163 S.W. 3d 734 (Tex Crim. App 2005) . . 4

Thompson v State
    641 S.W 2d 290 (Tex. Crim. App. 1982) . . 7

Thompson v. State
    9 S W. 3d 808 (Tex. Crim. App. 1999) . . 4

Roman v State
    145 S.W. 3d 316 (Tex. App - Houston [14ᵀᴴ Dist.] 2004) ...7

Tex. Const. art. 1 §10                               ...4

U.S. Const. amend VI                           ...4 .10

Shanklin v. State
    190 S.W. 3d 154 [Tex. App. - Houston [1ˢᵀ Dist] 2005     ...8

Code of Criminal Procedure
    Art 2.01 [28][30][31]                     10.
    Art 2.03 [27][33][34]                     10.11

## Oral Arguement

I am not trying to request any oral arguement. Because to be totally upfront its because I just cannot speak you alls lingo. I've found out now that the legal language is a difficult one for me to maneuver, but I tried. But f you feel its necessary I wouldn't mind.

IV

## STATEMENT OF THE CASE

Athelston Hayles appeals his conviction and sentence for the 2001 offense of indecency with a child. Mr. Hayles was indicted for this offense in June of 2007 and the case, after being transferred on more than one occation, was prosecuted in the Seventh District Court of Smith County, Texas. Pursuant to a plea agreement Mr Hayles was initially placed on community supervision. However, in June of 2014 the trial court revoked his community supervision and sentenced him to serve a term of five years' confinement. Sentence was pronounced on 17 June 2014 and appeal was timely filed. On July 8, 2015 the Twelfth Court of Appeals District of Texas made there judgement affirming the trial courts judgment, overrulling Appellants sole issue. Aug. 14, 2015 Court granted the Pro Se motion for an extension to Tuesday Oct 06, 2015.

## ARGUMENTS

I. Mr. Hayles received ineffective assistance of counsel where councel failed to seek recusal of the trial judge who refused to consider the full range of punishment.

II Mr. Hayles received ineffective assistance of counsel where counsel failed to adhere to the trial Judges prior instructions of no plea deal and to subpoena the witnesses for a contested hearing.

III I, Mr Hayles believes that my Due process was clearly ignored along with my Constitutional rights. Done so by all of the authorities of my trial - The Judge, the States attorney (ADA) and Trial counsel.

3

## Standard of Review

Both the United States and Texas Constitutions guarantee a criminal defendant the right to effective assistance of counsel. U.S. Const. Amend. VI; Tex. Const. art I § 10. To establish ineffective assistance of councel, an appellant must show by a preponderance of the evidence (1) that his counsel's representation fell below the standard of prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's deficiency, the result of the trial could ~~court~~ have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Salinas v. State 163 S.W.3d 734, 740 (Tex.Crim.App. 2005). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness," Salinas, 163 S.W.3d at 740 (quoting Thompson v State 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

An evaluation of the effectiveness of counsel under the first prong takes into consideration the totality of the representation provided by counsel. Thompson, 9 S.W.3d at 813. The question before the Court is whether the rendered assistance was reasonable under the prevailing professional norms at the time of the alleged error. Strickland, 466 U.S. at 688-89. This review is highly deferential and the reviewing court will engage in a strong presumption that counsel's conduct was within the wide range of reasonable representation, Salinas, 163 S.W.3d at 740; Mallett v. State, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).

The second Strickland prong centers on whether counsel's error were so serious that they deprived a defendant of a fair trial. Strickland, 466 U.S. at 687. To this end, an appellant must be able to show that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694.

4

## The Facts at Trial

After several delays in this case, by the time Mr. Hayles reached his final hearing on the State's application, the trial court was more than a little frustrated with both the State and the defense. (V RR 4-5). The hearing opened with the following statement from the trial court in which the courts level of irritation is immediately made evident even on a "cold record."

> The record's going to reflect we've had hearing after hearing after hearing. My notes in my 1-inch of paperwork...maybe 2 inches...of paperwork and research I've been doing, shows the last time we were here was on April the 11th of 2014.
>
> The Court set it over to this date and this time to give the parties time to pursue the required applications for issuance and subpoena a witness process in another state. And I have had zero filings by either side since that date. Yet, both sides have announced ready here today. So tell me what's going on since we have continued this case and continued this case, changed lawyers, continued this case, and continued this case until June of 2014, with the Defendant being in jail since, I think, November...October, November...of 2013 I'm all ears. (V RR 4-5)

In response, the State and the defense began to explain how they arrived at their current positions and, in doing so mention that after negations "on resolving this case without the need for a contested hearing... We ended up getting a deal worked out and did not feel the need to fly in people..." (V RR 6). To this the trail court responds:

> I'm not approving any deals. I told y'all that, I think, last time

in April; that you both needed to be ready to proceed today. And that if you had these out-of-state witnesses, you needed to get after it and get them here. I've spent hours looking at research trying to figure out what I was going to have to be doing once we actually got down to hearing. I don't need to waste my time. I don't need to waste my resources. I've got stuff in there I needed to be working on if I really didn't need to be working on this. I was expecting a contested hearing today, not some agreement between the State and the Defense as to what y'all have worked out at the last minute, presumably (VRR6)

Included in his pronouncement that no deal would be considered or approved was a general admonition to the parties that Mr. Hayles "may not want to plead true if he knows I'm not approving whatever it is that he and his lawyer have worked out" (VRR7). After what reads as though the court is issuing a warning of sorts, the court then informs Mr. Hayles that his case never would have been continued to this point if the lawyers were merely going to work out "some agreement." (VRR 7-8) When thereafter finding out that the agreement was for a "two year minimum sentence" the court makes clear that sentence was not going to happen.

True to its word, after considering the evidence before it, the trial court did not approve the agreed upon two-year sentence. (VRR 75). Instead, the court, in imposing a different sentence, engaged in another lengthy speech about the research and work the court had put in on the case and that, in the courts opinion, that time had been completely wasted due to the attorneys working out an agreement rather than having a contested hearing. (68-75). That the court was upset with the way in which the attorneys handled the case and was

6

taking it out on Mr. Hayles is evident as the court repeatedly recounted what the court expected to happen and what the attorneys failed to do that, in the court's opinion, should have been done. (VRR 71-73) Ultimately, the court imposed a sentence of five years' confinement. (VRR 75)

When from the outset of the hearing it was made obvious that the trial court would not be considering a two-year sentence, a legally potential sentence under the applicable range of punishment, trial counsel failed to render effective assistance by not seeking to recuse the trial judge on that basis. Ex parte Brown, 158 S.W.3d 449 (Tex. Crim. App. 2005) (due process requires that the trial court consider the full range of punishment for an offense)

### Application of Law to the Facts

Due process requires a neutral and detached judge. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In the absence of a clear showing of bias, it will be presumed on appeal that the trial court was, in fact, neutral and unbiased. Thompson v. State, 641 S.W.2d 290, 921 (Tex.Crim.App 1982). Here, the trial courts repeated acerbic comments direct toward trial counsel but borne by Mr. Hayles, made clear that the trial courts frustration had reached a level that prevented him from continuing to be a neutral and detached magistrate. (VRR 71-73) Instead, he made clear from the beginning of the punishment hearing, before hearing or considering any evidence, that the minimum sentence would not be imposed in this case. (VRR 12-13). Cf Brumit v State, 206 S.W.3d 639, 640-45 (Tex. Crim. App 2006) (similarly sharp comments of trial court did not reflect bias or failure to consider the full range of punishment where those comments were made after hearing and considering disturbing evidence). Roman v. State, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet ref'd) (same). At a minimum, the nature of the trial

7

court's comments would lead a reasonable person to harbor doubts at to the impartiality of the court. See Kemp v. State 846 S.W. 2d 289, 306 (Tex Crim. App. 1992) (discussing recusal standard) Certainly the courts action should have led Mr Hayles' trial counsel to that conclusion and counsel was ineffective for failing to seek recusal of the court in response.

Had a judge who had not grown so frustrated with this case over several months of delay and who did not immediately reject an agreed upon sentence, prior to hearing any evidence, on the proffered basis that, that sentence would not be considered because of the actions and poor decisions of trial counsel heard this case it is reasonable to assume that a two year sentence would have at least been considered. Such a sentence would be less severe than the sentence imposed, but for the ineffective actions of trial counsel, the result may have been different. See Shanklin v. State, 190 S.W. 3d 154, 165 (Tex. App. — Houston [1st Dist.] 2005 pet dism'd) (In determining whether trial counsel rendered ineffective assistance at punishment the question is whether a reasonable probability exists that the sentence imposed would have been less severe but for the deficient performance). Consequently, the Court should reverse the underlying judgment and remand the case to the trial court for a new hearing.

## Argument II

Mr. Hayles received ineffective assistance of counsel where counsel failed to adhere to the trial Judges prior instructions of no plea deal and to subpoena the witnesses for a contested hearing. In 2010 I was placed on community supervision a plea agreement for felony Indecency with a child (1CR45). In February of 2014 the State sought to revoke the community supervision on the basis that Mr Hayles had violated the terms and conditions of probation by possessing pornography and failing to work. (1CR160). To the pornography allegation a plea of true was entered (VRR26-27). A plea of "not true" was made to the work allegation. (Id). At the conclusion of the hearing the trial court found both allegations to be true and revoked the previously imposed community supervision (VRR75). Before reaching this point though, the trial court had been compelled to continue the hearing on the underlying application multiple times for several different reasons. First, there was a request by Mr Hayles' retained trial counsel to obtain funds on Mr Hayles' behalf to subpoena out of state witnesses and have the services of a court appointed computer expert. (II RRgen.) Next, the case was continued when his retained counsel sought leave to withdraw based on Mr Hayles' inability to further pay of their services or the services necessary to conduct his defense. (III RRgen.) Finally, after Mr Hayles was determined to be indigent and given court appointed counsel, that attorney was granted a continuance for reasons again related to experts and out-of-state witnesses. (IV RRgen.) Consequently, by the time the hearing on Mr Hayles' punishment was held the trial court had grown weary and fustrated with this case and the actions of counsel for both the State and the defense. (VRR4-5). When the parties suggested that they had reached an agreement for a two-year sentence, the trial court responded that he would not consider any agreement. (VRR12). The court then followed this with

9

repeated statements about two years being "the bare minimum" and which implied that the only reason such a punishment had been proposed was because both attorneys had failed to take care of this case appropriately. (VRR 12-13)

## Arguement III

I mr Hayles believes that my Due process was clearly ignored along with my Constitutional rights. Done so by all of the authoritres of my trial. The Judge, The States attorney (ADA) and Trial Counsel

The U.S. Const Amend. VI. In all crimnal prosecutrons, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherin the crime shall have been committed, Which district shall have been previously ascertained by law and to be informed of the nature and cause of the accusatron; to be confronted with the witnesses agarnst him; to have compulsory process for obtaining witnesses in his favor, and have the Assistance of Counsel for his defense.

Code of Criminal Procedure Art 2.01 [25] [30] [31] Duties of the district attorney. It shall be the primary duty of all prosecuting attorneys, including any special prosecutors not to convict but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused.

Art 2.03 [27] [33] [34] Neglect of duty.

10

B) It is the duty of the trial court, the attorney representing the accused, the attorney representing the state and all peace officers to so conduct themselves as to insure a fair trial for both the state and the defendant, not impair the presumption of innocence, and at the same time afford the public the benefits of a free press.

While the Judge announced that he was prepared for trial, my trial council nor the State council took the steps needed to be. Therefore I was being advised to take a two year plea deal, although nothing in the States discovery was changed since the beginning. This happened 10 minutes before trial. According to my attorney my case was not aggravated ~~crime~~ case, and since I've been sitting in jail for over 8 months I would probably be out in a couple of months to put this behind me. These are the things I was told. None was true. I entered prison for ~~the~~ my first time and this crime is treated as aggravated as far as my parole goes. It also is used as and labeled aggravated for deportation purposes, which I now face after 41 of my 46 years in America schooling, paying taxes, owning properties, serving my country and married with children. I knew nothing of Deportation being a after effect of the plea deals. I dont understand how I could be advised to take deals in my initial case and the judification trial and not one member of the judiciary authorities ie. Judges, state councils, paid attorneys or court appointed attorney, advise me of Deportation. This fact was not ~~forth~~ forthcoming prior any deal offered. In both cases knowledge of this would have definetly change the outcome. The state and trial council continue to claim that they couldnt get the authorities in Georgia to cooperate with them. Even the Judge made a statement in court saying something to the effect

that he finds this hard to believe that there wasn't a legal format inplace for interstate communication and cooperation. Then tells the state and trial council to get the motions and subpoenas and be ready for trial. Where was the sound trial strategy in filing no motions, no subpoenas, no character witnesses or statements filed in which I did have but none filed. Where was the speedy trial. The Judge was clearly being antagonized with the disposition taken by the attorneys in court. By not acknowledging the trial Judges instructions and using the "Let the chips lay where they fall" approach, the Judges words and action showed his frustrations. But in the end with even him as witness to these behaviors the Judge chose to also ignore my alloted rights.

## Prayer

Wherefore Premises Considered. I Athelston Hayles prays that the court takes my arguements into strong consideration. And concede in the fact that I am not an attorney but I have done my best and over turn the conviction handed down to me.

Respectfully Submitted
Athelston Hayles

*I was not allowed to make a copy of this opinion so I am sending my only copy. Please return. Athelston Hayles*

NO. 12-14-00172-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| ATHELSTON HAYLES, APPELLANT | § | APPEAL FROM THE 7TH |
| V. | § | JUDICIAL DISTRICT COURT |
| THE STATE OF TEXAS, APPELLEE | § | SMITH COUNTY, TEXAS |

MEMORANDUM OPINION

Athelston Hayles appeals his conviction for indecency with a child following the revocation of his deferred adjudication community supervision. In one issue, Appellant argues that he received ineffective assistance of counsel during the revocation proceedings because his trial counsel failed to file a motion to recuse the trial judge. We affirm.

BACKGROUND

Appellant was charged by indictment with indecency with a child and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for five years.

Appellant moved to Georgia where his community supervision was monitored through an interstate compact agreement. On September 16, 2013, the Smith County Community Supervision Officer assigned to monitor Appellant's out-of-state supervision filed a report alleging Appellant had violated the conditions of his community supervision by viewing websites depicting pornographic materials on his home computer. Appellant was arrested in Georgia and subsequently transferred to Smith County on November 1, 2013.

On November 7, 2013, the State filed a motion to proceed to final adjudication asserting, in part, that Appellant violated certain terms of his community supervision by viewing pornographic materials on the internet. Appellant's retained counsel filed a motion to recuse the trial judge, who

agreed to the recusal. The case was reassigned, and the State filed its first amended motion to proceed to final adjudication.

On February 18, 2014, Appellant's retained counsel filed a motion to withdraw and requested that Appellant be found indigent and provided a court appointed attorney. On February 24, 2014, the State filed a second amended application to proceed to final adjudication. Thereafter, the trial court permitted Appellant's retained counsel to withdraw, found that Appellant was indigent due to his incarceration, and appointed new counsel to represent him.

On June 13, 2014, the trial court conducted a hearing on the State's motion. There, the parties advised the trial court that they had reached an agreement on sentencing in exchange for Appellant's plea of "true" to some of the allegations in the State's motion. The trial judge responded that he was not going to approve any "deal" negotiated between the parties in a revocation proceeding and that such an agreement was not legally binding on the court. Nonetheless, the parties advised the court that, under the agreement, Appellant would be sentenced to imprisonment for two years. The trial judge admonished Appellant that a plea of "true" would provide a sufficient basis upon which the court could find and an allegation to be "true." The trial court further admonished Appellant that he could assess punishment within the available range of two to twenty years regardless of any agreement between the parties. Lastly, the trial judge advised Appellant that he did not plan to follow an agreement under these circumstances or grant a continuance.

After discussing the matter with his counsel, Appellant pleaded "true" to the allegation that he viewed pornographic images on several websites. Following a hearing, the trial court found the allegation that Appellant purchased, owned, or possessed pornographic materials to be "true," revoked Appellant's community supervision, adjudicated him "guilty" of indecency with a child, and sentenced him to imprisonment for five years. This appeal followed.

Standard of Review and Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500

(Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).

A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Trial courts possess broad discretion over defendants who are placed on community supervision and this degree of discretion extends to the court's ruling after revocation proceedings. *See Hart v. State*, 264 S.W.3d 364, 372 (Tex. App.–Eastland 2008, pet. ref'd). When a trial court revokes a defendant's deferred adjudication community supervision, the court is authorized to consider the full range of punishment that could have originally been assessed. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2014); *Weed v. State*, 891 S.W.2d 22, 25 (Tex. App.–Fort Worth, no pet.). A plea of true, standing alone, is sufficient to support revocation of community supervision. *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.–Texarkana 2012, no pet.).

Regardless of circumstances leading to the imposition of deferred adjudication community supervision, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). However, a defendant is entitled to a revocation hearing before a judicial officer who has not predetermined that the community supervision should be revoked or that a particular punishment should be imposed. *Ex parte Brown*, 158 S.W.2d 449, 454 (Tex. Crim. App. 2005). A trial court's refusal to consider the entire range of punishment in a particular case violates due process. *Id.* at 456.

Absent a clear showing to the contrary, a reviewing court presumes a trial court has considered the full range of punishment in assessing punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *State v. Hart*, 342 S.W.3d 659, 673 (Tex. App.–Houston [14th Dist.] 2011, pet. ref'd). Only when it appears that a trial court harbors an aversion, hostility, or disposition when judging a dispute of a kind that fair minded people could not set aside, may a judge's impartiality reasonably be questioned. *Gaal v. State*, 332 S.W.3d 448, 453 (Tex. Crim. App. 2011). A judge's remarks that are critical, disapproving or hostile to counsel or expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias. *Id.* at 454.

**Evaluation of Trial Counsel's Representation**

Here, Appellant argues that trial counsel was ineffective for not seeking to recuse the trial judge after the judge made comments regarding the parties' agreement. Appellant contends that the trial judge's statements made it "obvious" and "evident" that the trial judge was biased against him and unwilling to consider the full range of punishment. Yet, the record before us is silent about trial counsel's strategy or why he chose the course he did. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see Menefield*, 363 S.W.3d at 593 (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).[1]

---

[1] The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*,

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively.

Even so, while the comments made by the trial judge indicated his frustration with the events that transpired prior to the hearing, we do not conclude based on our review of the record that this frustration, without more, indicates that he was biased or unwilling to consider the full range of punishment. *See Gaal*, 332 S.W.3d at 453. Rather, the trial judge made clear at the hearing that he was not legally bound to follow the punishment in the parties' agreement and reserved the right to determine an appropriate punishment based on the evidence presented. Thus, we presume the trial court considered the full range of punishment in assessing Appellant's punishment. *See Brumit*, 206 S.W.3d at 645.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented by the record on appeal is quite different from determining whether to seek to recuse a trial judge as a matter of trial strategy. *Cf. Garza*, 213 S.W.3d at 348; *Saenzpardo v. State*, No. 05-03-01518, 2005 WL 941339, at *2 (Tex. App.–Dallas Apr. 25, 2005, no pet.) (op., not designated for publication).; *see Diaz v. State*, 380 S.W.3d 309, 313 (Tex. App.–Fort Worth 2012, pet. ref'd) (trial counsel not ineffective for failing to file motion to recuse where record did not contain any explanation regarding counsel's trial strategy).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### JULY 8, 2015

### NO. 12-14-00172-CR

**ATHELSTON HAYLES,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1539-07)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*